IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JIMMY CHARLES JOHNSON, #727145,　§ | | |
| 　　　　Petitioner, 　　　　　　　　　§ | | |
| 　　　　　　　　　　　　　　　　　　§ | | |
| v. 　　　　　　　　　　　　　　　　§ | CIVIL NO. 3:16-CV-3518-N-BK | |
| 　　　　　　　　　　　　　　　　　　§ | | |
| LORIE DAVIS, Director, 　　　　　　§ | | |
| Texas Department of Criminal Justice, §| | |
| Correctional Institutions Div.,[1] 　　§ | | |
| 　　　　Respondent. 　　　　　　　　§ | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this action was referred to the United States Magistrate Judge. On December 28, 2016, Petitioner, a state prisoner, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. Doc. 3. The habeas petition is successive; thus, it should be transferred to the United States Court of Appeals for the Fifth Circuit.

**I.  BACKGROUND**

In 1994, Petitioner was convicted of murder and sentenced to life imprisonment. *State v. Johnson*, No. F95-72894 (292nd Judicial District Court, Dallas County, 1994), *aff'd*, No. 05-95-01249-CR (Tex. App. 1997, pet ref'd). After unsuccessfully challenging his conviction in state habeas proceedings, Petitioner sought federal habeas relief. However, because the one-year limitations period had expired when Petitioner filed his federal petition, this Court dismissed the

---

[1] On May 4, 2016, Lorie Davis succeeded William Stephens as Director of the Correctional Institutions Division of the Texas Department of Criminal Justice. Under Rule 25(d) of the Federal Rules of Civil Procedure, Davis "is automatically substituted as a party."

petition with prejudice as untimely. *See Johnson v. Cockrell*, 3:02-CV-1116-G-BK, Civ. Doc. 9 at 3-6, (N.D. Tex. Oct. 29, 2002), recommendation accepted (N.D. Tex. Nov. 22, 2002).

More than 12 years later, Petitioner filed a motion to alter or amend judgment. Civ. Doc. 16. On January 21, 2015, the Court denied the motion as meritless and, in the alternative, dismissed it without prejudice to Petitioner seeking authorization of the United States Court of Appeals for the Fifth Circuit to file a successive habeas application. Civ. Doc. 17. Subsequently, Petitioner filed a motion for reinstatement, which, on April 24, 2015, the Court denied and, in the alternative, dismissed as yet another successive petition. Civ. Doc. 23. Petitioner's appeal of April 24, 2015 Order is currently pending before the Court of Appeals for the Fifth Circuit. *See* No. 15-10428 (motion for certificate of appealability awaiting review).

In this action, Petitioner again challenges his state murder conviction. Doc. 3 at 2. He alleges constitutional violations arising from ineffective assistance of counsel, lack of notice regarding the enhancement paragraph in the charging instrument, and the denials of his prior state habeas applications. Doc. 3 at 6-7.

## II. ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a petitioner may file a second or successive application for federal habeas relief. *See* 28 U.S.C. § 2244(b). In general, to raise a new claim, the petitioner must show that the successive application is based on: (1) a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court; or (2) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense. *See* 28 U.S.C. § 2244(b)(2). Before a petitioner may file his application in the district court,

however, a three-judge panel of the United States Court of Appeals for the Fifth Circuit must determine whether the application makes the requisite prima facie showing.  *See* 28 U.S.C. § 2244(b)(3)(A) and (B).  Section 2244(b)(3)(A) constitutes a bar to the district court's jurisdiction to consider a successive habeas petition unless the United States Court of Appeals has first granted the petitioner permission to file such a petition.  *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (*per curiam*) (section 2255 motion); *see also Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003) (section 2254 habeas petition).

The United States Court of Appeals for the Fifth Circuit has not issued an order authorizing this Court to consider the successive petition filed in this case.  Because Petitioner must obtain such an order before he can file a successive application challenging his conviction, his section 2254 petition should be transferred to the United States Court of Appeals for the Fifth Circuit.  *See Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002); *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the successive habeas petition be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit.  *See* 28 U.S.C. § 2244(b)(3); 28 U.S.C. § 1631.

**SIGNED** January 31, 2017.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

/s/ Renee Harris Toliver
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE